UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAWRENCE HENDERSON | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| T&M BOAT RENTALS, LLC and MR. SPOTTY, LLC | * | SECTION: |
| * * * * * * | * | MAGISTRATE: |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes LAWRENCE HENDERSON, a person of full age of majority and a resident of the Parish of St. Mary, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, LAWRENCE HENDERSON, at all times pertinent hereto, was a person of the full age of majority and resident of Franklin, Louisiana.

III.

At all times pertinent hereto, Defendant, T&M BOAT RENTALS, LLC., was and is a corporation with its principal place of business in Berwick, Louisiana.

IV.

At all times pertinent hereto, Defendant, MR. SPOTTY, LLC., was and is a corporation with its principal place of business in Berwick, Louisiana.

V.

At all times pertinent hereto, defendants were the employer of Plaintiff, LAWRENCE HENDERSON, and/or the owner and/or operator of the vessel on which plaintiff was injured, operating on the navigable waters of the United States of America within the jurisdiction of this Honorable Court.

VI.

At all times pertinent hereto, Plaintiff, LAWRENCE HENDERSON, was employed by the defendant as a seaman and member of the crew of the vessel on which he was injured and acting within the course and scope of his employment with said defendant.

VII.

On or about December 27, 2015, Plaintiff, LAWRENCE HENDERSON, while assigned to work aboard the M/V ERIN W, was injured when he attempted to lift a cable which was hanging over the side of a barge and in the water at the Morton Salt Mine.

VIII.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the Defendant, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel on which plaintiff was employed, in one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel and barges;

4. Failure to exercise reasonable care in discovering and correcting any and all

unsafe conditions existing on the vessel and barges;

5. Creation and maintenance of an unseaworthy vessel and barges, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, LAWRENCE HENDERSON, sustained severe bodily injuries, including possible ruptured and/or herniated lumbar and cervical discs and nerve damage, and other injuries to his bones, muscles and joints, organs and tissues among other component parts of his body.

X.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, LAWRENCE HENDERSON, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Loss of engjoyment of life;

6. Other damages to be shown at the trial of this matter.

XI.

Pleading further, in the alternative, if it be shown that Plaintiff, LAWRENCE HENDERSON, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XII.

Plaintiff, LAWRENCE HENDERSON, would show that on the above mentioned dates, he was injured while in the service of the Defendants' vessel. As a result, Defendant had and continues to have a non-delegable duty to provide the Plaintiff, LAWRENCE HENDERSON, with maintenance and cure benefits. Plaintiff, LAWRENCE HENDERSON, would show that he has not reached maximum medical improvement and that Defendant's duty continues. The maintenance rate owed to Plaintiff, LAWRENCE HENDERSON, by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XIII.

Should Defendant unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendant is legally liable to Plaintiff, LAWRENCE HENDERSON, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIV.

In the alternative to the foregoing, should it be determined that the plaintiff is not a seaman herein, then plaintiff asserts his claims in this matter pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, et seq., including but not limited to Section 905(b) thereof, and to any applicable laws and statutes of the State of Louisiana.

XV.

Plaintiff respectfully prays for a trial by jury on all issues presented herein.

WHEREFORE, premises considered, Plaintiff, LAWRENCE HENDERSON, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, LAWRENCE HENDERSON, and against Defendants, T&M BOAT RENTALS, LLC and MR. SPOTTY, LLC, in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying

plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

__s/ David C. Whitmore_______________

LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
BLAKE JONES LAW FIRM, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380